*290 Deering executed to Halbert the following obliga, tion, vizk: “ On or before the 25th day of December next, I promise to pay Nathaniel Halbert three hundred and six dollars. Witness my hand and seal this 26th day of August, 1819.
RICHARD DEERlNG, sear.”
On the back of this obligation, is the following mem. orandum, to wit: “ This day settled with Nathaniel Halbert, and lie takes back one hundred and ten dollars which I got from him, and then there is due him on this note two hundred and forty two dollars.
RICHARD DEERlNG.”
Upon this obligation and memorandum, Halbert brought an action of debt, claiming in his declaration the two hundred and forty-two dollars admitted to be due by the memorandum, and interest.
2. Deering appeared to the action, and pleaded as to seventy five dollars, part of the demand, Halbert ought not to have and maintain his action; because he alleges the obligation was given for money loaned, ini *291 eluding therein seventy .five dollars, usurious interest, &c. ■
It is not error in a circuit to decided according to law without hearing argument, nor with standing th e party against whom hte decision is, insists on arguing that the law is otherwise.
Where a party has obtain an order for a change. of venue, he ought to object to a tri al being had in the inferi- or court and if he fails so to do, cannot assign as error in the court of appeals, that the cause ought to have been tried else* where.
*291 Tq this plea, Halbert replied, traversing the alie. gations of the plea. '
A jury was called to try the issue, and found for the plaintiff Halbert, the debt in the declaration men tioned, to he discharged by the payment of one hundred and forty five dollars and sixty cents, in dama, ges.
The plaintiff Halbert then moved the court to ar. rest the judgment on the ground of defects in the verdiet of the jury. The motion was opposed by the counsel of Deering; but the court refuséd to hear ar. guments on either side, and arrested the; judgment,
Exceptions were taken to the opinion the court in refusing to hear arguments, and in arresting the judg. ment; and the first question made b,y the assignment of errors, involves the propriety of the court’s refusing, to hear arguments and in arresting the judgment.
The judgment, we apprehend, was most clearly properly arrested. It was no part of the province of the jury to ascertain the amount of the debt, or the amount of damages which should be á discharge of it. The issue made up for the decision of thejury, related to nothing hut the seventy.five dollars, part of Hal. bert’s demand, which by the plea, was alleged to have been usuriously reserved, in the obligation. The ju. ry should, therefore, simply have responded to that issue, instead of having found the debt and-the amount of damages which was to be. a discharge ófife. Having transcended their province in the verdict which the jury found, therefore, it was correct in the court to, arrest the judgment. And if the judgment, was correctly arrested, the circumstance of the’ court not allowing arguments on the motion, to. arrest, ..certainly cannot be availing in this court. If arguments had! been allowed, the result should have been the same, and this court will never reverse a cause and remand it for the vain and idle purpose ofihearing a discussion, when the final determination must be what it has already been.
3. It is also assigned for error, that. the circuit court of Greenup irregularly proceeded to try .the cause after an order of the circuit judge was obtained *292 Deering directing the canse to be removed to another court.
If judgment is rendered for two sums separately, instead of the aggre gate Of them, yet, if by this informality, the defen dant is not subjected to the payment of more, ei ther in debt, damages or cost than he would have been by a judgement entered with tehchnical formality,it is not error.
*292 In answer to this assignment of error, it is, however, sufficient to remark, that although an order ot removal was obtained by Deering, he appears not to have taken the necessary steps to cause the papers to be removed- It was incumbent on him to pay the cost of the removal, before the clerk was bound to transmit the papers to another court, and the order of the judge should have been filed with the clerk thirty days before the next court after obtaining the order. It does hot, however, appear, when the order was filed* Pr that the expense of'removal was paid by. Deering, or tendered by him to the clerk. Besides, if Deering'inte tided to cause a removal, he should have objected to the hearing m the court of Greenup ; but he seems to have made rio such objection, and after submitting, to si trial there, he cannot be allowed, for the first time, to Question the regularity of trial in this court.
After the iudarmeut was arrested, and at a subsequent term ot the court, Deering having tailed to answer the demand of Halbert, except as to the seventy-five dollars already mentioned in his plea, judgment by nil dicit was rendered against him for one hundred and sixty seven dollars, the amount of Halbert’s de_ maudhqt answered by the plea, and a jury was called to try the issue taken to the plea. The jury returned á verdict in favor of Deering for all of the seventy-five dollars except five dollars, fifty seven and a half cents, and for that amount they found for Halbert. The court thereupon rendered a judgment in favour •£ Halbert for the 05 57§ cents and costs.
4. The judgment's so rendered by the court, are objected to; 1st, because it was irregular to render, judgment by nil dicit for any part; and 2ndiy, because there'are two distinct judgments against Deering for different parts of the same entire demand.
There is dearly no foundation for the objection to the judgment by nil didt. Deering having failed to answer a part of Halbert’s demand, he was entitled to a judgment for the part not answered, and that judg. ment ought regularly to be by nil dicit. Tt would have been more technical after the jury had found their, verdict to have rendered an entire judgment for that which had not been answered by Deering, together *293 with the amount found by the jupy^insjead of entering tvyp separate judgments for each; 'Wit the judgments tendered by the court are not more prejudicial to Deer. ing than the judgment Would have been, if drawn up in the most technical form, and should not. we appre hénd, be reversed merely on account of the informal! ty of the entries. If by the judgments,- Deering had beei/subjected to double costs, there would have been a substantial reason for settjng aside the judgments, as was formerly held by this court-in ad-analogous case; but there is but one judgment t‘orf, c^).fe^|and we gre incapable of perceiving any injuryj^Mf)||h he has been expóáed by the manner of eriféi:Éfgvíjie judgments, and which he would not be subject to. under a strictly formal judgment. k, \ -'j.|
After Deering had failed to ans wer-rae residue of Halbert’s demand not answered by .the-ptea, and when the court was about to render judgment by nil dicit, the counsel of Deering objected to' the judgment going for c>ne hundred and sixty seven dollars, .the baliance of two hundred and forty two dollaW;-acknowledged to be due Halbert in the memorandum on the obligation, after deducting the seventy five dollars mention, ed in the pipa; insisting, that although'the memoran, dum admits Deering was owing two hundred and for. ty.two dollars, it is apparent from that memorandum, that one hundred and ten dollars-,' part, of the three hundred and six dollars mentioned in the obligation, had been repaid by Deering to Halhprt, leaving in fact a baliance of but one hundred and,, ninety six dollars, instead of two hundred and forty .two dollars due from Deering to Halbert, and urging that the judgment; should be entered barely for the - residue of the one hundred and ninety-six dollars, after" deducting the ¿seventy, five dollars answered by Deering’s plea. The court, however, overruled the objection, and we apprehend correctly. . N 7.
There is in our opinion, nothing' ip the obligation and memorandum, upon which the action of Halbert is founded, which could have justified't'iffe court in rendering judgment against Deering" by qil dicit, for less than the amount lor which the judgment' was given. The memorandum, it is true, states thirt Halbert had taken back pne hundred and ten dollars .which Deer, ing had received from him ; but part of that amount. *294 may, from any thing apparent in the memorandum, have been applied to other purposes than to the discharge of the debt mentioned in the obligation, and as in a subsequent part of the memorandum, Deering acknowledges himself to be owing two hundred and forty-t'wo dollars, a sum greater than the ballance of the amount of the obligation, after deducting the one hundred and ten dollars, the most probable inference is, that part of the one hundred and ten dollars was applied to some other demand. But if it were not so applied, and Deering is entitled to a credit or set-off against the obligation, he should have defended him. scff by tfie appropriate plea, and not have applied to the court by motion to. reduce the amount, which, by failing to plead, he had impliedly admitted, to be due Halbert.
We are also of opinion, that the motion made by Deering, after final judgment was rendered against him, was correctly overruled by the court. The object of that motion was to obtain the directions of the court for the clerk to endorse a credit upon the execution, whiph might issue against Deering for the amount which Deering had insisted in his,, objections to the judgment, should be deducted from Halbert’s demand £ and if ft was improper for the court to enquire into the propriety of the verdict when the objections were made to the judgment, it would have been equally improper to have made the inquiry on the motion for directions, to the clerk.
The judgment must be affirmed with costs and dam, ages.